(Reap. Dec. 9702)

New York Merchandising Co., Inc. v. United States

Entry No. 10068.

(Decided May 10, 1960)

*Siegel, Mandell & Davidson* for the plaintiff.
*George Cochran Doub*, Assistant Attorney General, for the defendant.

Wilson, Judge: This appeal for reappraisement has been submitted for decision upon the following stipulation of counsel for the respective parties:

IT IS STIPULATED AND AGREED by and between the respective parties hereto, subject to the approval of the Court, that the export value on or about the dates of exportation to the United States of the merchandise covered by the Nanri & Co. Ltd. invoices embraced by the Appeal to Reappraisement enumerated above at which time such or similar merchandise was freely offered for sale

to all purchasers in the principal market of the country from which exported in the usual wholesale quantity and in the ordinary course of trade for export to the United States including cost of containers and coverings of whatever nature and all other costs, charges and expenses incident to placing the merchandise ready for shipment to the United States was, as defined in Section 402(d) of the Tariff Act of 1930, the f.o.b. invoice price exclusive of buying commission as stated on the invoices herein.

IT IS FURTHER STIPULATED AND AGREED that the Appeal enumerated above is limited to Nanri & Co. Ltd. invoices and abandoned in all other respects.

IT IS FURTHER STIPULATED AND AGREED that there was no higher foreign value for merchandise such or similar to the merchandise herein at the time of exportation thereof.

IT IS FURTHER STIPULATED AND AGREED that the Appeal to Reappraisement enumerated above may be submitted on the foregoing stipulation.

On the agreed facts, I find and hold the export value, as that value is defined in section 402(d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the involved merchandise, and that such values were the f.o.b. invoice prices, exclusive of buying commission, as stated on the invoice involved herein.

The appeal having been abandoned insofar as it relates to all other merchandise, to that extent, the appeal is hereby dismissed.

Judgment will be entered accordingly.